UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY D. SPARKS,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:18-cv-00778-JDP<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Rodney D. Sparks ("claimant") appealed defendant's decision denying his application for Social Security benefits by filing a complaint before this court on June 7, 2018. ECF No. 1. The court issued a scheduling order on June 14, 2018. ECF No. 5. The scheduling order provides that the Commissioner was to serve a copy of the administrative record on appellant and file it with the court by November 13, 2018. *Id.* The commissioner lodged the administrative record with the court on November 13, 2018, ECF No. 10, but did not serve claimant with a copy of the administrative record until March 1, 2019, ECF No. 12.

Pursuant to the scheduling order, claimant was to serve on respondent a letter brief outlining the reasons why he contends that a remand is warranted by March 31, 2019. ECF No. 5. A separate proof of service reflecting that the letter brief was served on respondent was to be filed with the court. *Id.* To date, claimant has filed no such proof of service.

To manage our docket effectively, we impose deadlines on litigants and require litigants to meet those deadlines. When a claimant fails to comply with court-imposed deadlines, we may dismiss the claimant's case for failure to prosecute. *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

We will give claimant the opportunity to explain why the court should not dismiss the case for failure to prosecute. Claimant's dilatory actions have delayed the case. To manage our docket and prevent further delays, claimant's response to this order must also be accompanied by his opening brief, in accordance with paragraph six of the scheduling order. ECF No. 5. Claimant's failure to respond to this order will constitute a failure to comply with a court order and result in dismissal of this case.[1]

Accordingly, claimant must file his opening brief and show cause within fourteen (14) days of the date of entry of this order why the court should not dismiss his case for failure to prosecute.

IT IS SO ORDERED.

Dated: July 29, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 205

---

[1] Unless claimant shows cause, the status conference currently scheduled for August 14, 2019 will be cancelled.

2